**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0517** (Mercer County 19-F-119-WS)

**Elizabeth H.,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Elizabeth H., by counsel Brandon L. Austin, appeals the Circuit Court of Mercer County's June 12, 2020, order sentencing her to an effective sentence of not less than 45 nor more than 160 years of incarceration upon her conviction of various sex crimes.[1] Respondent State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner alleges that her sentence is excessive and not proportionate to the character and degree of her offenses, in violation of the West Virginia Constitution.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on two counts of first-degree sexual assault; one count of first-degree sexual abuse; two counts of sexual abuse by a parent, guardian, custodian or person in a position of trust to a child; two counts of incest; and one count of cruelty to animals in June of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

2019.[2] The parties reached a plea agreement on December 23, 2019, whereby, petitioner agreed to plead guilty to two counts of first-degree sexual assault; one count of first-degree sexual abuse; two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child; and two counts of incest. In return, the State agreed to dismiss the animal cruelty charge.

Prior to sentencing, petitioner underwent a psychosexual evaluation by Jason Newsome, Psy.D., to, among other things, determine petitioner's sexual offense recidivism risk and outline an appropriate treatment plan. Dr. Newsome administered several assessments including a mental status exam, depression and anxiety inventories, mood disorder questionnaire, and impulsiveness scale in order to obtain a diagnostic impression. Although Dr. Newsome reported that "there are no validated risk assessment tools for female sexual offenders," he noted that based on her behavioral history, petitioner "is a high risk for non-sexual recidivism" and a "moderate risk for sexual recidivism." The report acknowledged that while "[i]t is true that female sex offenders, in general, have low sexual recidivism rates," petitioner "does not present as the typical female sex offender." Rather, Dr. Newsome stated that petitioner has "multiple paraphilic sexual interests[,] as well as a long history of criminal behavior, albeit drug-related." Dr. Newsome noted that petitioner's prior criminal convictions from 2000 to 2018 included embezzlement, third-degree burglary, theft, three convictions for shoplifting, hindering officers serving a warrant, driving under the influence, manufacturing and distributing cocaine, three convictions for possessing contraband in a county prison, possession of cocaine within a half-mile of a school, and unlawful carrying of a firearm.

Dr. Newsome's report also summarized the criminal investigation, including details of petitioner's offenses of sexual assault and abuse against her own five-year-old daughter. Specifically, the report notes that petitioner sent a video of herself and the child nude in a bathtub to an individual she met online. According to Dr. Newsome's report, the video depicts petitioner grabbing the child's hand and forcing her to commit sexual acts on petitioner. Petitioner admitted to law enforcement officials that she recorded and sent several videos involving her daughter but denied sexually abusing the child.

Dr. Newsome further noted that petitioner "presented with persistent sexual preoccupation, engaging in compulsive sexual behavior every day." Dr. Newsome detailed that petitioner has "persistent sexual interest in sadomasochistic themes, incest, and young children. These findings are simply not typical among female sexual offenders." The report also stated that petitioner used her sexual behavior as a means of coping with stress, anxiety, and depression over time. Dr. Newsome suggested that petitioner's prognosis for completing an alternate sentence, such as probation or home confinement, was guarded and that she would need to be closely supervised and required to participate in a meaningful substance abuse treatment program. During his interview with petitioner, Dr. Newsome also noted that petitioner reported severe depressive symptoms with depressed mood, crying spells, and suicidal ideation on a daily basis. Notably, petitioner told Dr. Newsome during their interview that if she was released that day, "she would probably take a big shot of dope and get it over with." In terms of treatment, Dr. Newsome

---

[2]In the indictment, petitioner's abuse of the child—her biological daughter—was alleged to have occurred while the child was under the age of twelve. Petitioner is listed as forty-two years old in the indictment.

recommended sex-offender-specific treatment, mental health treatment with a clinician who has expertise with sexual offenders, and restricted contact with minors.

The circuit court held a sentencing hearing in May of 2020, at which petitioner argued for probation or home incarceration, while the State argued for consecutive terms of incarceration. In finding that incarceration was warranted, the circuit court provided four reasons: 1) there is a substantial risk that petitioner will commit another crime during any period of probation or alternative sentencing; 2) probation or alternative sentencing would denigrate the seriousness of petitioner's crimes; 3) the public good would not be served by granting petitioner probation or an alternative sentence; and 4) the public good would be served by the court imposing a sentence of actual incarceration. Accordingly, the court sentenced petitioner to indeterminate terms of 25 to 100 years for her two convictions of first-degree sexual assault, to be served concurrently with each other; indeterminate terms of 10 to 20 years of incarceration for each of her convictions of sexual abuse by a parent, guardian, or custodian, or person in a position of trust to a child, to be served concurrently with each other but consecutively to the former sentences; indeterminate terms of 5 to 15 years of incarceration for each of her convictions of incest, to be served concurrently with each other but consecutively to the former terms; and an indeterminate term of 5 to 25 years of incarceration for her conviction of first-degree sexual abuse, for an effective sentence of not less than 45 nor more than 160 years of incarceration. The court also imposed twenty years of supervised release upon petitioner's release from incarceration. The court entered its conviction and sentencing order memorializing its rulings on June 12, 2020, and this appeal followed.

We review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). In her sole assignment of error, petitioner attacks only her sentences for first-degree sexual assault and argues that her sentences were unconstitutionally disproportionate. It is unnecessary to address petitioner's specific arguments on appeal, however, because she concedes that her sentences were within the applicable statutory limits; she does not allege that they were based on an impermissible factor. As this Court has routinely held, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Indeed, according to West Virginia Code § 61-8B-3(c),

> the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years.

The record here clearly shows that petitioner was older than eighteen years of age and her victim was younger than twelve years of age at the time petitioner committed the crimes in question. And, as set forth above, she does not allege that her sentences were based on any impermissible factor. Because petitioner's sentences were within the applicable statutory limits and not based on an impermissible factor, we decline to address her proportionality arguments on appeal.

For the foregoing reasons, the circuit court's June 12, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton